[No. 18269.   In Bank.—March 29, 1894.]

# MERCED COUNTY, APPELLANT, v. HELM & NOLAN, RESPONDENTS.

LICENSE TAX—SALE OF LIQUORS—ACTION—POLICE POWER—REVENUE MEASURE.—Where a county has passed an ordinance requiring a high license tax for the sale of intoxicating liquors within the county, and providing that the tax shall be collected by suit, but fixing no penalty for engaging in the business, the ordinance is not to be regarded as the exercise of a police power, but as a revenue measure in the regulation of the business.

ID.—NATURE OF POLICE POWER—PENALTY.—Police power is exercised in the enforcement of a penalty prescribed for a noncompliance with the law, or for the doing of some prohibited act.

ID.—POWER OF LICENSE FOR REVENUE AND REGULATION—PROHIBITION.— Under the provisions of the County Government Act giving power to license for the purposes of regulation and revenue all and every kind of business not prohibited by law, prohibition cannot be effected, and the very terms of the power preclude the exercise to such an extent as to prevent the carrying on of the business.

ID.—POWER TO LICENSE BUSINESS—INDIVIDUAL ACTS—BUSINESS NOT SPECIFIED.—The power to impose a license tax upon a business does not authorize a tax upon individual acts connected with such business; nor can a license tax for a business be demanded for any act of the business not specified in the ordinance providing for such taxes.

ID.—POWER OF TAXATION STATUTORY—STRICT CONSTRUCTION.—The right to take the property of the individual for public purposes, by way of taxation, must find an express statutory warrant, and all laws having this object are to be construed strictly in favor of the individual and against the state.

ID.—PROCEEDING IN INVITUM.—In a proceeding *in invitum* to enforce a tax, whether by seizure or by suit, no presumption is to be indulged in favor of the right to take the property, or of any intention that is not distinctly expressed in the statute by virtue of which it is sought to be taken.

ID.—TAX NOT EXTENDED BY CONSTRUCTION.—A tax can never be extended by construction to things not named or described in the statute as the subject of taxation.

ID.—TAX ON LIQUOR SALES—RIGHT OF ACTION LIMITED TO "BUSINESS." Where an ordinance purports to impose a license tax for the sale of intoxicating liquors, but the right to collect the license tax by suit is limited to instances in which the persons commence, carry on, or engage in conducting some "business" for which a license tax is required, no action can be maintained to recover the tax imposed by the ordinance.

ID.—ACTION TO RECOVER LICENSE TAX—RIGHT STATUTORY.—Without some special authority, either by the statute or by the ordinance itself, a civil action cannot be maintained to recover a license tax.

ID.—SINGLE ACT NOT A BUSINESS—SALES INCIDENT TO OTHER BUSINESS. A single act does not constitute a business, and when a sale is but an

incident in, or the final act of, another business, it cannot be said to be the business which is carried on or being transacted.

Id.—Authority of County—Unauthorized Suit.—A county has no authority to demand a license tax except from those persons who are engaged in carrying on some business, and when its ordinance does not impose a tax upon the business of saloon-keeping, as such, and the complaint in an action to enforce a tax for the sale of liquors does not charge the defendant with having conducted a business upon which the ordinance imposed a license tax, there is no authority to commence or maintain the action.

Appeal from a judgment of the Superior Court of Merced County, and from an order dissolving an attachment.

The facts are stated in the opinion of the court.

*F. H. Farrar,* and *District Attorney F. G. Ostrander,* for Appellant.

The board of supervisors had power to pass the ordinance upon which the action is based. (Const., secs. 11, 12; County Government Act, sec. 25, subds. 27, 33; *Crowley* v. *Christensen,* 137 U. S. 86; *Ex parte·Campbell,* 74 Cal. 20; 5 Am. St. Rep. 418; *Ex parte Tuttle,* 91 Cal. 589; *In re Guerrero,* 69 Cal. 92; *Ex parte Yick Wo,* 68 Cal. 299; 58 Am. Rep. 12; *Ex parte Mount,* 66 Cal. 450; *Ex parte Wolters,* 65 Cal. 269; *Ex parte Moynier,* 65 Cal. 36; *Ex parte Cheney,* 90 Cal. 621; *Ex parte Casinello,* 62 Cal. 540; *Ex parte Sing Lee,* 96 Cal. 359; 31 Am. St. Rep. 218; Cooley on Taxation, 592; 2 Desty on Taxation, 1381, 1385, and 1405, secs. 17, 20, 22, 23, 24, and 25; Tiedeman on Limitation of Police Power, 274, 275, 278; Black on Intoxicating Liquors, secs. 39, 46, 107, 114, 205; Dillon on Municipal Corporations, sec. 768; *Kidd* v. *Pearson,* 128 U. S. 1; *Youngblood* v. *Sexton,* 32 Mich. 406; 20 Am. Rep. 654; *Territory* v. *Connell,* 16 Pac. Rep. 209; *City of Rochester* v. *Upman,* 19 Minn. 108; Burroughs on Taxation, secs. 6, 10, 77, 78, 80; *McCulloch* v. *Maryland,* 4 Wheat. 428; Cooley on Taxation, 2d ed., 41, 42, 43, 342; *Hedderich* v. *State,* 101 Ind. 564; 51 Am. Rep. 768; *Wiggins* v. *Varner,* 67 Ga. 583; *Whitten* v. *Covington,* 43 Ga. 421; *Groesch* v. *State,* 42 Ind. 547; *Rohrbacher* v. *Jackson,*

51 Miss. 735; *State* v. *Bayonne*, 44 N. J. L. 114; *House* v. *State*, 41 Miss. 737; *Eureka* v. *Davis*, 21 Kan. 578; *In re Ruth*, 32 Iowa, 250; *Devin* v. *Belt*, 70 Md. 352; *Woods* v. *State*, 36 Ark. 36; 38 Am. Rep. 22; *Burnside* v. *Lincoln County Court*, 86 Ky. 423; *Kettering* v. *Jacksonville*, 50 Ill. 39; *State* v. *Luddington*, 33 Wis. 107; *Jones* v. *People*, 14 Ill. 196; *State* v. *Wheeler*, 25 Conn. 290; *State* v. *Brennan's Liquor Cases*, 25 Conn. 278; *Santo* v. *State*, 2 Iowa, 165; 63 Am. Dec. 487; *Sanders* v. *State*, 2 Iowa, 230; *State* v. *Stucker*, 58 Iowa, 496; *State* v. *Donehey*, 8 Iowa, 396; *Reynolds* v. *Geary*, 26 Conn. 179; *Oviatt* v. *Pond*, 29 Conn. 479; *People* v. *Hawley*, 3 Mich. 330; *La Croix* v. *Fairfield Co.*, 50 Conn. 321; 47 Am. Rep. 648; *Metropolitan Board of Excise* v. *Barrie*, 34 N. Y. 657; *Fell* v. *State*, 42 Md. 89; 20 Am. Rep. 83; *Ex parte Kennedy*, 23 Tex. App. 77; *State* v. *Bradley*, 26 Fed. Rep. 289; *Tanner* v. *Alliance*, 29 Fed. Rep. 196; *Pearson* v. *International Distillery*, 72 Iowa, 348; *Ex parte Swann*, 96 Mo. 46; *Martin* v. *Blattner*, 68 Iowa, 286; *Mette* v. *McGuckin*, 18 Neb. 323; *Pleuler* v. *State*, 11 Neb. 547; *State* v. *Moriarty*, 50 Conn. 415; *State* v. *Thomas*, 47 Conn. 546; 36 Am. Rep. 98; *State* v. *Buckley*, 40 Conn. 246; *State* v. *Morgan*, 40 Conn. 44; *State* v. *Robinson*, 33 Me. 564; *State* v. *Barrels of Liquor*, 47 N. H. 369; *Lincoln* v. *Smith*, 27 Vt. 328; *Gill* v. *Parker*, 31 Vt. 613; *Bancroft* v. *Dumas*, 21 Vt. 456; *Gunnarsohn* v. *Sterling*, 92 Ill. 569; *Schwuchow* v. *Chicago*, 68 Ill. 444; *Harbaugh* v. *Monmouth*, 74 Ill. 371; *Martin* v. *People*, 88 Ill. 390; *Hill* v. *Mayor*, 72 Ga. 314; *Trustees of Clintonville* v. *Keeting*, 4 Denio, 341; *Brown* v. *State*, 79 Ga. 473; *Douglasville* v. *Johns*, 62 Ga. 423; *Coulterville* v. *Gillen*, 72 Ill. 599; *Keokuk* v. *Dressel*, 47 Iowa, 597; *Dennehy* v. *Chicago*, 120 Ill. 627; *Lutz* v. *Crawfordsville*, 109 Ind. 466.)   The ordinance in question is valid, the provisions therein bringing the case directly in line with the doctrine enunciated in *Santa Cruz* v. *Santa Cruz R. R. Co.*, 56 Cal. 143; *City of Santa Cruz* v. *Spreckels*, 57 Cal. 133; *Martin* v. *Aston*, 60 Cal. 63; *County of Monterey* v. *Abbott*, 77 Cal. 541; *Mendocino County* v.

*Bank of Mendocino*, 86 Cal. 255; *County of San Diego* v. *Seifert*, 97 Cal. 594.

T. C. *Law*, and E. D. *McCabe*, for Respondents.

The power given the supervisors to license "for purposes of regulation and revenue" any kind of business not prohibited by law does not include the power to prohibit the sale of intoxicating liquors. (20 Am. & Eng. Ency. of Law, 723; *Ex parte Byrd*, 84 Ala. 17; 5 Am. St. Rep. 328; *Miller* v. *Jones*, 80 Ala. 89; *Ward* v. *Folkstone Water Works Co.*, 24 Q. B. Div. 334; *People* v. *Gadway*, 61 Mich. 285; 1 Am. St. Rep. 578; *In re Hauck*, 70 Mich. 396; *Cantril* v. *Sanier*, 59 Iowa, 26; *Bronson* v. *Oberlin*, 41 Ohio St. 476; 52 Am. Rep. 90; *Sweet* v. *Wabash*, 41 Ind. 7; *Austin* v. *Murray*, 16 Pick. 121; Black on Intoxicating Liquors, sec. 227; *Hill* v. *Commissioners*, 22 Ga. 203; *Ex parte Reynolds*, 87 Ala. 138; *Ex parte Mayor of City of Anniston*, 90 Ala. 516; *Tuck* v. *Town of Waldron*, 31 Ark. 462; *State* v. *Harper*, 42 La. Ann. 312; *Loeb* v. *City of Attica*, 82 Ind. 175; 42 Am. Rep. 494; *Cronin* v. *People*, 82 N. Y. 318; 37 Am. Rep. 564; *Emporia* v. *Volmer*, 12 Kan. 622; *City of Portland* v. *Schmidt*, 13 Or. 17; *Strauss* v. *Pontiac*, 40 Ill. 301; *State* v. *Fay*, 44 N. J. L. 474; *State* v. *Garon*, 50 N. J. L. 358; *Perry* v. *City Council etc.*, 7 Utah, 143; *Logan City* v. *Buck*, 3 Utah, 301; Horr and Bemis on Municipal Police Ordinances, sec. 30; Dillon on Municipal Corporations, sec. 357, p. 425, note 1.) The grant of power to the supervisors to impose fees for the purposes of revenue did not warrant their being made so heavy as to be prohibitory. (Cooley on Taxation, pp. 597, 598; Tiedeman on Police Regulations, p. 286; *City of Lyons* v. *Cooper*, 39 Kan. 327; Black on Intoxicating Liquors, 231; 13 Am. & Eng. Ency. of Law, p. 534; *Ex parte Burnett*, 30 Ala. 461; *Burnett* v. *Craig*, 32 Ala. 135; *Burlington* v. *Insurance Co.*, 31 Iowa, 102; *Kitson* v. *Ann Arbor*, 26 Mich. 325; *Mason* v. *Lancaster*, 4 Bush, 406; *Taylor* v. *Pine Bluff*, 34 Ark. 603.) The right to license must be plainly conferred or it will be held not to exist.

(Black on Intoxicating Liquors, sec. 220; Dillon on
Municipal Corporations, 4th ed., pars. 361, 364; *Ex
parte Newton*, 53 Cal. 573; Sutherland on Statutory Con-
struction, secs. 325, 365; Endlich on Interpretation
of Statutes, secs. 352, 400; *The Intendant of the Town
of Marion* v. *Chandler*, 6 Ala. 903.)

HARRISON, J.—In January, 1893, the county of Mer-
ced passed an ordinance fixing the rate of county license
taxes upon certain occupations within the county, and
providing for the collection of the same by suit, in case
the persons liable to pay the tax should engage in any
business subject thereto without having first procured a
license therefor.  The present action was brought against
the respondents to recover the sum of three thousand
dollars, claimed to be a debt due from them to the
county by virtue of their having sold intoxicating
liquors within the county without having first paid the
license tax required by said ordinance for the quarter
commencing March 1, 1893.

The right of the county to prohibit the sale of intox-
icating liquors in the exercise of the police power
conferred upon it by article XI, section 11, of the con-
stitution, which has been so fully discussed by counsel,
is not involved in the determination of this case, as the
ordinance in question does not purport to have been
enacted under this power.  By its very terms the ordi-
nance is a revenue measure, and this suit is simply a
civil action to recover a liability alleged to have been
incurred by the defendants by virtue of the provisions
of the ordinance; and the collection of a tax does not
come within the exercise of police power as a prohibi-
tory measure.  That power is exercised in the enforce-
ment of a penalty prescribed for a noncompliance with
the law, or for the doing of some prohibited act.  (*San
Luis Obispo County* v. *Hendricks*, 71 Cal. 245.)  As the
county has chosen by this ordinance to require a
license tax for engaging in certain kinds of business,
and that this tax shall be collected by a suit, and has

fixed no penalty for engaging in the business, the ordinance is not to be regarded as the exercise of its police power, but rather as its desire to regulate the business and derive a revenue therefrom.

The power to pass the ordinance in question is given in subdivision 27 of section 25 of the County Government Act (Stats. of 1891, p. 306), in the following terms: "To license for the purposes of regulation and revenue all and every kind of business not prohibited by law, and transacted and carried on in such county, and all shows, exhibitions, and lawful games carried on therein; to fix the rates of license tax upon the same, and to provide for the collection of the same by suit or otherwise." Under this power to license for revenue and regulation prohibition cannot be effected (Cooley on Taxation, 598), and as the business to be licensed is one which is "transacted and carried on" within the county, the very terms of the power preclude its exercise to such an extent as to prevent the carrying on of the business. An attempt, by virtue of its exercise, to place such restrictions upon the sale of wine as would prevent its manufacture would be in apparent contradiction to the policy of the state, as manifested in that portion of its legislation which has been directed to the encouragement of the manufacture of wines (see Stats. of 1880, p. 52; Stats. of 1885, p. 9; Stats. of 1887, p. 46), and if the county of Merced can place such restrictions, every other county can do the same, and the legislative power of the state would be thwarted by the action of the several counties. This power to impose a license tax upon a "business" cannot be extended to any subject not enumerated in the statute by which the power is conferred. The right to demand a license tax as the condition of engaging in any business within the county, must be expressly conferred upon the county, and the right to impose a tax upon a "business" will not authorize imposing a tax upon the individual acts connected with such business, nor can a license tax required

for one business be demanded for any act or business not specified in the ordinance providing for such taxes.

Any attempt on the part of the state, or of the county as one of the subdivisions of the state, to take the property of an individual for public purposes by way of taxation, must find an express statutory warrant, and all laws having this object are to be construed strictly in favor of the individual as against the state. Whether his property is to be taken by seizure or by suit, the rule is the same. In the one case the officer must show his warrant for the seizure, and in the other the plaintiff must establish every fact essential to the maintenance of his right of recovery. In either case the proceeding is *in invitum,* and no presumption is to be indulged in favor of the right to take the property, or of any intention that is not distinctly expressed in the statute under which it is sought to be taken. (Sutherland on Statutory Construction, sec. 363; *Monterey Co.* v. *Abbott,* 77 Cal. 541; *Camden* v. *Allen,* 26 N. J. L. 398; *Sewall* v. *Jones,* 9 Pick. 412.) A tax can never be extended by construction to things not named or described in the statute as the subject of taxation. It was said by Lord Cairns in *Partington* v. *Attorney General,* Law Rep. 4 H. L. 122: " The principle of all fiscal legislation is that, if the person sought to be taxed comes within the letter of the law, he must be taxed, however great the hardship may appear to the judicial mind to be. On the other hand, if the crown, seeking to recover the tax, cannot bring the subject within the letter of the law, the subject is free, however apparently within the spirit of the law the case might otherwise appear to be. In other words, if there be admissible in any statute what is called an equitable construction, certainly such a construction is not admissible in a taxing statute, where you can simply adhere to the words of the statute."

The portion of the ordinance in question which fixes the amount of the license tax and the subjects upon which it is imposed is contained in the twelfth section,

and in other sections provision is made that this license tax shall be deemed a "debt" payable in advance and due to the county from any person who "commences, carries on, engages, or conducts" in the county any "business, trade, occupation, or employment" upon which the tax is imposed, without having first paid said license tax and procured said license; and the district attorney is directed to institute an action in the proper court for the collection of this tax. This section, in which is enumerated the different subjects of the license tax, declares that "All persons . . . . who sell either spirituous, malt, or fermented liquors, wines, or ciders in said Merced county, . . . . shall pay quarterly in advance a license tax of three thousand dollars for each quarter of a year." It thus appears that while this section purports to impose a tax for the *sale* of the enumerated articles, the right to collect the tax by a suit is limited to the instances in which the persons commence, carry on, engage in, or conduct some "business" for which a license tax is required, and it is a well-settled principle that without some special authority, either by the statute or by the ordinance itself, a civil action cannot be maintained to recover a license tax. (*Santa Cruz* v. *Santa Cruz R. R. Co.*, 56 Cal. 143; *County of Monterey* v. *Abbott*, 77 Cal. 541.) The tax fixed by this section is a charge imposed upon the sale, and not for carrying on or engaging in the business of selling. It applies to each sale before it is made, and for a single sale makes the person liable for the full amount of the tax. It is not imposed upon the "business" of selling, or limited to those who engage in such "business." The other portions of the ordinance providing a procedure for the collection of this tax cannot be invoked to change the terms of the tax, as the tax itself is only that which is fixed in the twelfth section.

The distinction between a single act and the business in which the act is done is very marked, and is well recognized in adjudged cases. (*Weil* v. *State*, 52 Ala. 19; *Merritt* v. *State*, 19 Tex. App. 435; *Williams* v.

*State*, 26 Tex. App. 499; *Jensen* v. *State*, 60 Wis. 577.)
A single act does not constitute a business, and when
a sale is but an incident in, or the final act of, an-
other business, it cannot be said to be the business
which is carried on and transacted. Manufacturers
of wine, beer, brandy, cloth, iron, who sell the product
of their manufacture, do not carry on the business of
selling such product. This distinction was evidently
in the mind of the district attorney when he commenced
the present action, as the complaint herein alleges that
the defendants "commenced, carried on, engaged in,
and continued in the business of saloon-keeping," and
during the times they were carrying on said business
"did sell, and are now selling, in Merced county, in said
business, spirituous malt and fermented liquors, wines,
and ciders." The ordinance, however, does not impose
any license tax upon the business of "saloon-keeping,"
and there is no necessary connection between saloon-
keeping and the selling of spirituous liquors, since a
saloon may be kept for many other purposes than the
sale of intoxicating drinks. (See *Kitson* v. *Mayor*, 26
Mich. 325; *Mt. Pleasant* v. *Vansice*, 43 Mich. 361; 38 Am.
Rep. 193; *State* v. *Barr*, 39 Conn. 41; *State* v. *Mansker*,
36 Tex. 364.) One whose business is the keeping of
an eating-saloon, where wine or beer is furnished with
meals, cannot be said to be engaged in the "business"
of selling this wine or beer, and an ordinance requiring
a license tax upon the business of keeping an eating-
saloon would not justify an additional license tax for
the business of selling beer in connection with the meals
procured at such saloon.

The ordinance in question is not limited to sales as a
beverage, or in a dramshop, or by the keepers of tip-
pling-saloons, but applies to every person who sells the
article within the limits of Merced county. Neither is
there any limit prescribed as to the quantity which
may be sold, or the purpose for which, or the person to
whom, a sale may be made. Its terms are sufficiently
comprehensive to embrace any and all sales within the

county, whether the articles are sold to be carried out of the county, or for purposes other than human consumption; whether the sale is that of the innkeeper to his guest, or the winegrower at the close of the season, or the brewer at his brewery. A sale by a winegrower of the product of his vineyard, or by a distiller of the spirits produced at his distillery, does not constitute a business of selling wine or spirits any more than the sale by the miller of the flour ground at his mill, or by the manufacturer of the cloth woven at his factory, constitutes the business of selling flour or cloth; and the power to impose a license upon a business does not authorize a tax, either by way of license or excise, upon the sale which the winegrower or the distiller may make.

Under the power conferred by the above section of the County Government Act it would be competent for the county to impose a license tax upon the business of manufacturing cloth, or of raising sheep, but it would not be competent for it, under this authority, to require the payment of a license tax from every person who should sell a piece of cloth which he had manufactured, or the wool from the sheep which he had raised. The business of distilling spirits, or brewing beer, or manufacturing wool into cloth, or grain into flour, or grapes or currants into wine, or apples into cider, is a lawful occupation, and, while the business as such, under the authority thus given to the county, may be made subject to a license tax, the county cannot, under this authority, impose a tax upon the individual sales of the product of such business, or upon all of the sales made within each quarter of a year, or within any other limited period of time, for the reason that such a tax is not upon the business, but upon the different acts in the transaction of the business. With the same propriety might a tax be imposed upon the pruning of the vines, the picking of the grapes, the gathering of the apples, the pressing into the vats, the barreling of the juice, or its sale before fermentation into wine or cider.

From these views it follows that, as the county had no authority to demand a license tax, except from those persons who were engaged in carrying on some business, and, as the ordinance in question does not impose a tax upon the business of saloon-keeping, and, as the complaint does not charge the defendants with having conducted any business upon which the ordinance imposes a license tax, there was no authority to commence or maintain this action.

Inasmuch as there was no authority for bringing the action, the court was justified in dissolving the attachment issued thereon.

The judgments and orders appealed from are affirmed.

MCFARLAND, J., GAROUTTE, J., and FITZGERALD, J., concurred.