## COLUSA COUNTY v. SEUBE.

Sac. No. 274; May 31, 1898.

53 Pac. 654.

**Intoxicating Liquors.**—The Taxing Clause of a County Ordinance provided that every person who should sell intoxicating liquors in quantities less than one quart should obtain a license, and pay therefor $100 per year. Held, that since this clause did not impose a license for carrying on the business of selling liquor, as authorized by Statutes of 1893, page 358, but imposed it for the simple act of selling, and applied to each sale before it was made, it could not be changed by implication from the wording of other sections of the ordinance, which suggested an intention to tax the business itself.

APPEAL from Superior Court, Colusa County.

Action by Colusa county against B. Seube. Judgment for plaintiff and defendant appeals. Reversed.

W. G. Dyas and B. F. Howard for appellant; Ernest Weyand for respondent.

CHIPMAN, C.—Action to recover a license tax for carrying on "the business of selling liquors at retail, in quantities less than one quart, at a saloon in Colusa county." Plaintiff had judgment, from which defendant appeals. It was

stipulated as fact "that the defendant did, from the fifth day of November, 1895, to the ―――― day of December, 1895, carry on a business of selling liquors at retail, and did sell spirituous . . . . liquors, in quantities of less than one quart, . . . . as in said complaint alleged." Section 4 of the ordinance, under which the action is brought, reads: "Every person who sells spirituous, malt or fermented liquors or wines, in quantities less than one quart, must obtain a license and pay therefor one hundred dollars per year." Section 14 of the ordinance provided as follows: "Against any person required to take out a license, who fails or refuses to take out such a license, or who carries on business without such license, suit may be brought . . . . for the recovery of said license tax," etc. This ordinance was enacted by authority of subdivision 27 of section 25 of the county government act of 1893 (Stats. 1893, p. 358), which gives to boards of supervisors power "to license, for purposes of regulation and revenue, all and every kinds of business not prohibited by law," etc.; "to fix the rates of license tax upon the same." A similar ordinance was the subject of construction in Merced Co. v. Helm, 102 Cal. 159, 36 Pac. 399, and so also was the extent of the authority given by the county government act of 1891 (the same as that of 1893) to pass the ordinance clearly defined. It was held in that case that the right to impose a tax upon a "business" will not authorize imposing a tax upon the individual acts connected with such business; and that a license tax required for one business cannot be demanded for any act or business not specified in the ordinance providing for such taxes. The distinction between a single act (such as selling liquors), and the business in which the act is done (such as being engaged in the business of selling liquor) was pointed out, and the adjudged cases cited; and it was clearly shown that the ordinance did not purport to impose a tax for carrying on the business, but was for the sale, and applied to each sale before it was made, fixing a liability for the full amount of the tax for a single sale.

There is no brief on file for the respondent, and we have no intimation as to what its reply is to the claim of appellant based upon the Merced County case, supra, except as it is found in the opinion of the learned trial judge, which appears in the transcript, given on overruling appellant's demurrer.

3

It is there conceded that the Merced county case is decisive of this case, unless we can resort to other sections of the ordinance to ascertain the meaning of section 4, supra. But it was said in the Merced County case referred to: "The other portions of the ordinance providing a procedure for the collection of the tax cannot be invoked to change the terms of the tax, as the tax itself is only that which is fixed in the twelfth [here the fourth] section." Section 8 of the ordinance requires that "no license shall be issued for the sale of liquors . . . . until the applicant shall have presented to and filed with the board . . . . a bond . . . . conditioned that the said applicant shall conduct the business in a quiet and orderly manner"; further, "that no license shall be issued to any person . . . . to transact business . . . . under section 4 until they have first filed a petition signed by not less than five freeholders, asking that a license be issued to the applicant, and shall state the place at which said business is to be carried on." Other sections of like import are cited. It was the presence of these provisions in other portions of the ordinance which led the trial judge to conclude that "it is quite plain that it is the business, as contradistinguished from the simple act of selling, for which the license is required." If this conclusion might be held correct as to an ordinance in its nature remedial, it is not correct here where the ordinance is "to be construed strictly in favor of the individual as against the state," as was held to be the rule in the Merced county case. It was said in that case that "no presumption is to be indulged in favor of the right to take the property, or of any intention that is not distinctly so expressed in the statute under which it is sought to be taken." Again: "A tax can never be extended by construction to things not named or described in the statute as the subject of taxation." Quoting from Lord Cairns in Partington v. Attorney General, L. R. 4 H. L. 125, it is further said: "If there be admissible in any statute what is called an equitable 'construction,' certainly such a construction is not admissible in a taxing statute, where you can simply adhere to the words of the statute." We do not think the taxing section of the ordinance can be aided by resort to other of its sections which do no more than, by implication, to suggest that an intention to tax the business of selling liquor, and not the selling merely, was in the minds of the board. We think the reasoning in the Merced County

case is conclusive of this case, and therefore advise that the judgment be reversed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed.