[Crim. No. 120.   Third Appellate District.—December 30, 1909.]

## In re SAMUEL PIERCE on Habeas Corpus.

HABEAS CORPUS—VIOLATION OF COUNTY ORDINANCE—SELLING LIQUORS WITHOUT LICENSE—INSUFFICIENT COMPLAINT—ALTERATION—FINDING UPON APPEAL.—Upon a petition for discharge upon *habeas corpus,* under a conviction for violating a county ordinance, in commencing and conducting the business of selling spirituous liquors without a license, where the copy of the complaint attached to the petition states no cause of action; but it is found from sufficient evidence adduced before this court that the complaint as originally filed, and upon which the conviction was had, did state a cause of action, and that it was altered in a material respect

after conviction, the conviction must be sustained, and the prisoner remanded to custody.

ID.—GENERAL ORDINANCE—LICENSE TAX FOR REGULATION OF CLASSES OF BUSINESS—SALE OF LIQUORS—CONSTRUCTION.—A general county ordinance purporting to impose a license tax, for the purpose of regulation, upon all classes of business within the county, and providing that "no license shall be issued for the sale of spirituous or fermented liquors or wines, until after the applicant shall have procured an order of the board of supervisors of the county for the issuance of the same," and requiring the applicant to give bond that he "shall conduct the business for which such license is issued in a quiet, orderly and peaceable manner," cannot be construed as imposing a license tax upon individual sales, and not upon the business of selling liquors.

ID.—REFERENCE TO "POLICE POWERS" OF COUNTY—PROVISION OF CONSTITUTION.—Where the ordinance refers to the exercise of its "police powers," it is to be considered as referring to the police powers conferred upon "any county, city, town, and township," within their respective limits, in section 11 of article XI of the constitution.

ID.—EVIDENT INTENTION OF ORDINANCE — CONVICTION THEREUNDER.— The evident intention of the framers of the ordinance was to impose a license tax upon the business of selling liquors; and it is clear that the petitioner was complained of, arrested and convicted of carrying on the business of selling liquors without the required license, in violation of the terms of the ordinance.

PETITION for discharge upon writ of *habeas corpus*, under conviction of violating a county ordinance of Glenn County, in a justice's court therein.

The facts are stated in the opinion of the court.

Frank Freeman, C. L. Donohue, W. T. Belieu, and G. R. Freeman, for Petitioner.

Claude F. Purkitt, District Attorney, for the People.

HART, J.—The petitioner was convicted in the justice's court of the fourth judicial district of Glenn county of a misdemeanor, under a complaint charging him with "commencing and conducting the business of retailing and selling spirituous liquors" within said county of Glenn, without first obtaining a license for that purpose, in violation of certain provisions of Ordinance No. 62 of said county. The

petitioner, upon his conviction, was sentenced by the court to a term of ninety days' imprisonment in the county jail of Glenn county, and, in addition thereto, to pay a fine of $200.

The only point originally made by the petitioner was that the complaint upon which he was prosecuted and convicted does not state facts constituting an offense under the ordinance whose provisions the complaint purports to accuse him of violating; but in their brief, filed subsequently to the hearing before this court, counsel for the petitioner claim that those provisions of said ordinance relating to the business of retailing spirituous liquors are void, for the alleged reason that they seek "to impose a license tax upon individual sales and not upon the business of selling." (*Merced Co.* v. *Helm*, 102 Cal. 159, [36 Pac. 399].)

The first point relied upon by the petitioner for his release rests upon the determination of the question of fact whether the charging part of the complaint, as filed, reads as indicated by the copy thereof annexed to the petition herein, or reads as the district attorney contends that he originally prepared and filed said complaint.

The contention of the district attorney is that the complaint was altered in a material particular—that is, by substituting the word "for" for "or" in the charging part of the document, so that it would fail to charge the accused with an offense under the terms of the ordinance—after he had filed the pleading with the justice of the peace. The petitioner claims that the complaint, as indicated by a copy thereof attached to and made a part of the petition herein, is an exact copy of the complaint as it was filed, although it is conceded by counsel for petitioner that a change was made in the instrument, but the intimation is that such change was attempted for the purpose of obliterating the letter "f" so that what appears to be the word "for" would read "or."

To determine this controverted question of fact this court received evidence offered by both the people and the petitioner, and, as we have stated, the proposition whether the complaint states an offense under Ordinance No. 62 must depend upon what, from the evidence, we find the ultimate fact to be.

A copy of the complaint in the language in which the petitioner claims the pleading was prepared and filed is, as stated,

made a part of the petition, and so much of the charging part thereof as is of interest to this inquiry reads as follows: " . . . That prior to said time said Samuel Pierce had not procured an order from the board of supervisors of the county of Glenn *for* a license from the license tax collector of said county to so commence, conduct or carry on said business, as required by the provisions of said Ordinance 62," etc.

The district attorney insists that that portion of the complaint which we have quoted as personally prepared and filed by him read as follows: ". . . That prior to said time said Samuel Pierce had not procured an order from the board of supervisors of the county of Glenn, *or* a license from the license tax collector of said county to so commence, conduct or carry on said business, as required by the provisions of said Ordinance No. 62," etc.

Section 1 of article X of said ordinance provides: "No license shall be issued for the sale of spirituous or fermented liquors or wines until after the applicant shall have procured an order of the board of supervisors of the county of Glenn for the issuance of the same."

The penal clause of the ordinance provides that "every person who commences and carries on any business or calling, for the transaction or carrying on of which a license is required by this ordinance, without procuring a license as prescribed herein, is guilty of a misdemeanor," prescribing and authorizing to be imposed upon conviction a penalty by way of a fine of not less than five dollars nor more than three hundred dollars, or by imprisonment in the county jail for a period not exceeding ninety days, or by both such fine and imprisonment.

Readily it will be observed that the only act, under the provisions of the penal clause or section of the ordinance, which can become a misdemeanor, is the commencement and carrying on of the business of selling the liquors mentioned in said ordinance without first procuring a license therefor. In other words, the ordinance does not denounce as a misdemeanor a *failure* on the part of a person commencing and carrying on the retail sale of liquors to procure an *order* from the board of supervisors for a license. The misdemeanor consists of the act of carrying on such business without having first obtained a license for that purpose. Therefore, if the complaint was prepared and filed by the district attorney in the language in

which the petitioner claims that the quoted portion of the charging part thereof was expressed, it is very clear that no offense whatsoever was stated therein, and that the judgment of conviction against petitioner is absolutely void.

Now, as to the facts as they were adduced before us: An inspection of the original complaint itself will show, and does show, that it is as plainly manifest as physical facts can make any proposition that some change or alteration was made or attempted to be made in either the word "or," as the district attorney contends was the word as the complaint was originally written, or the word "for," as petitioner contends was the word used originally. We have seen that counsel for petitioner concede that the complaint had been tampered with in the respect referred to, claiming, however, as before stated, that it involved an attempt upon the part of someone to make the word "for" read "or."

The district attorney testified that he personally drafted the complaint, and in the most positive manner declared that the word "or" was written therein, and that the alteration or attempted alteration had been made after the trial and the conviction of the petitioner. He stated that during the argument of the case to the jury he held the complaint in his hand and commented upon its averments and the proof necessary thereunder to justify a conviction, and that at that time the complaint was in the condition in which he prepared it.

Miss Crane, stenographer in the district attorney's office, testified that, after the case had been appealed to the superior court and all the papers transferred to the clerk of said court, she procured at the office of the last named official the original complaint, from which she made a number of typewritten copies, and then compared the copies with the original; that the original was then in the condition in which the district attorney claims to have written it; that, in other words, the letter "f" had not at that time been inserted before the word "or" so as to make it read "for."

Theodore Kytka, a handwriting expert, testified that the letter "f" had been written by some other hand than that which penned the body of the complaint; that he had made a microscopical examination of the instrument, and that he was of the opinion, from such examination, that the ink used in writing the letter "f" was a different kind from that used in writing the body of the complaint.

Mr. Belieu, one of the attorneys for the petitioner, and who conducted the trial of the case before the justice's court on behalf of petitioner, testified that he observed, before and at the trial, that the word "for" was written in the complaint, but that subsequently he noticed that a pencil mark had been drawn over the letter "f" in said word, the inference from said testimony being that someone had thus attempted to erase or obliterate the letter "f" and thus make the word "or" in the place of "for."

Mr. Frank Freeman was not called into the case until after it had been tried in the justice's court, and could only say that when he first saw the complaint the word "for" was written therein, with a pencil mark drawn over and across the letter "f" in said word.

There was some other testimony received in behalf of the petitioner, but as it reflected little light on the controverted point, we shall not specifically advert to it.

We think the evidence establishes beyond any reasonable doubt and we accordingly so find that the contention of the district attorney as to the original phraseology of the complaint in the particular to which the controversy is addressed is correct. The positive assertions of the district attorney and his stenographer that the complaint contained the word "or" instead of the word "for" in the quoted portion of the charging part of the complaint at the time said complaint was filed and the defendant tried and convicted and after the complaint, with other papers in the case, had been transferred to the custody of the county clerk, were uncontradicted, except by the testimony of Mr. Belieu. As to the latter's testimony we are justified in saying that it proceeded from an erroneous recollection of the time at which he first observed the "f" inserted immediately before the word "or." This declaration is based upon the assumption, founded in experience, that where an attorney has observed before the trial of a cause that a complaint against his client does not state a cause of action in a civil case or an offense known to the law in a criminal case, he would, by an appropriate proceeding, object to a trial being had under such a pleading, if, indeed, such a document could properly be called a pleading; for certainly no substantial or effective purpose could in any possible view be accomplished by the trial of a person upon a

statement of facts not constituting or even squinting at an offense known to the law. There was no suggestion by Mr. Belieu at the trial, either in the examination of the jurors upon their *voir dire* or in the examination of the witnesses or by objection to testimony, that he regarded the complaint insufficient for any reason. Our opinion is that Mr. Belieu, in his zealous solicitude for the interests of his client, became somewhat confused as to the actual occasion on which he first observed the word "for" in the place of the word "or" in the complaint, and that, as a matter of fact, he did not notice the fact until after the cause had been transferred to the superior court by appeal.

In justice to counsel in this case, we deem it proper to say that there is nothing in the testimony received before this court from which even a suspicion of wrongdoing on the part of any of the attorneys for petitioner in connection with the changing of the phraseology of the complaint could be inferred. How the complaint came to be altered no one knows, so far as we are advised, but we hold the attorneys for petitioner above such a practice.

The complaint, as it read (according to our finding from the testimony) when the district attorney drew and filed it and when the petitioner was tried and convicted under its allegations, clearly stated an offense under Ordinance No. 62.

The second point suggested by the petitioner is without merit. The ordinance, under the provisions of which the petitioner was convicted, is an omnibus local measure, designed to regulate all classes of business carried on within the limits of the county of Glenn. The first article reads: "That, in the exercise of the police powers and for the purpose of regulation, a license tax be and the same is hereby imposed upon persons, occupations and businesses in the county of Glenn, outside of incorporated cities and towns therein, as follows." Then follows an enumeration of the various kinds of businesses and the license tax provided as to each.

In the case of *Merced Co.* v. *Helm,* 102 Cal. 159, [36 Pac. 399], cited by petitioner, an ordinance of the county of Merced was, so far as it affected the business of retail liquor dealers, declared to be void "because it attempted to impose a license tax upon each single sale and not upon the business of selling." But the rule laid down in that case is criticised

and relaxed, if not overruled, in the case of *Ex parte Seube*, 115 Cal. 630, [47 Pac. 597], where Chief Justice Beatty says: "I have always considered that the rule of construction applied in that case went to the extreme verge of strictness, and the court has been disposed to limit rather than extend its application, as appears from the manner in which the case of *Ex parte Mansfield* was distinguished in 106 Cal. 400, [39 Pac. 775]."

In the Helm case, as seen, the ordinance required a license for each single sale of the proscribed liquors and not for carrying on the business of selling such liquors. Here, reading together all the provisions relating to the sale of spirituous liquors, we find that the obvious intent of the board of supervisors was to regulate the business of selling such liquors, and to that end to impose a license tax. For instance, section 3 of article X of the ordinance provides that the bond required to be executed by a party to whom a license is issued for carrying on the business of selling liquors, shall contain a condition "that said applicant shall *conduct the business* for which said license is issued in a quiet, orderly and peaceful manner," etc. Besides, it is held in the Helm case that the ordinance therein involved "does not purport to have been enacted" in the exercise of the police power, but that "by its very terms is a revenue measure." In the case at bar, the ordinance not only expressly declares that its purpose is to regulate all the businesses mentioned therein under the power of police conferred by the constitution upon cities, towns and townships within the state (Const., sec. 11, art. XI), but, by its very terms, it is apparent that its purpose is the regulation of the several kinds of business which are specifically designated therein. As is said in *Ex parte Seube, supra,* so it is true here, for the ordinance there is strikingly similar to the one here: "If the letter of the ordinance embraces all who sell, it certainly embraces all who make a business of selling; and petitioner cannot claim that the acts charged in the complaint upon which he was convicted do not come within the letter of the ordinance. The only point he can urge is, that the whole ordinance is void because it imposes, or attempts to impose, a license tax upon every single sale." But, as is further said in that case: "It is perfectly clear from all the provisions of the ordinance that the intention of its

framers was to impose the tax only upon the business of sell-
ing.   It is only those who carry on the business who incur the
penalty, and it was for carrying on the business that the
petitioner was arrested and prosecuted.''   The language just
quoted exactly fits this case, for, as before declared, the evi-
dent intention of the framers of the ordinance was to im-
pose a tax upon the business of selling, and it is clear, from
the allegations of the complaint, that the petitioner was ar-
rested and prosecuted for, and convicted of, carrying on the
business of selling liquors without the required license.

The ordinance appears to be valid in all respects and to
represent a legitimate crystallization of the power of police
expressly vested by the constitution in all the cities, towns
and townships of the state.

For the reasons herein given, the writ is discharged and the
petitioner is remanded.

Chipman, P. J., and Burnett, J., concurred.